1
2
3
4
5
6   JS 6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12   FEDERAL TRADE COMMISSION,           )
                                        )
              Plaintiff,                )   Case No. CV 11-6397 DSF (Ex)
13                                      )
                                        )   **STIPULATED**
14            v.                        )   **FINAL ORDER FOR**
                                        )   **PERMANENT INJUNCTION**
15                                      )   **AND OTHER EQUITABLE**
      AMERICAN TAX RELIEF LLC, d/b/a    )   **RELIEF AGAINST**
16    American Tax Relief, *et al.*,    )   **DEFENDANTS  AMERICAN**
                                        )   **TAX RELIEF LLC,**
17            Defendants, and           )   **ALEXANDER SEUNG HAHN,**
                                        )   **AND JOO HYUN PARK, AND**
18    YOUNG SOON PARK, a/k/a            )   **RELIEF DEFENDANTS YOUNG**
      Young S. Son, *et al.*,           )   **SOON PARK AND IL KON**
19                                      )   **PARK**
              Relief Defendants.        )
20                                      )
21

22         Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced

23   this action by filing its Complaint for Permanent Injunction and Other Equitable

24   Relief ("Complaint"), pursuant to Section 13(b) of the Federal Trade Commission

25   Act ("FTC Act"), 15 U.S.C. § 53(b), charging that American Tax Relief LLC

26   ("ATR"), Alexander Seung Hahn ("Hahn") and Joo Hyun Park ("Park") engaged

27   in deceptive and unfair acts or practices in violation of Sections 5(a) and 5(n) of

28   the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).  Plaintiff filed a motion for summary

judgment on June 8, 2012, and the Court granted partial summary judgment in favor of the FTC by Order dated August 8, 2012.

Defendants American Tax Relief LLC, d/b/a American Tax Relief, Alexander Seung Hahn, a/k/a Alex Hahn, and Joo Hyun Park, a/k/a Joo Park (collectively "Defendants"), and Relief Defendants Young Soon Park, a/k/a Young S. Park, and Il Kon Park (collectively "Relief Defendants"), having been represented by counsel, and acting by and through said counsel, have agreed to the entry of this Stipulated Final Order for Permanent Injunction and Other Equitable Relief ("Order") by this Court in order to resolve all remaining claims against them without a trial or adjudication of any issue of law or fact herein.

**NOW THEREFORE**, Plaintiff and Defendants and Relief Defendants, having requested the Court to enter this Order, and the Court having considered the Order reached between the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## <u>FINDINGS</u>

1. This Court has jurisdiction over the subject matter of this case and personal jurisdiction over the parties. Venue is proper in this District.

2. Pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the Commission has the authority to seek the relief contained herein.

3. The acts and practices of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a) and 5(n) of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).

5. On August 8, 2012, in granting partial summary judgment in favor of the FTC, the Court made the following findings:

2

a. ATR engaged in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by misrepresenting that it had significantly reduced the tax debts of thousands of people (Count I) and that consumers qualified for tax relief that would significantly reduce their tax debts (Count II);

b. Defendant Hahn and Relief Defendants Young Soon Park and Il Kon Park are individually liable; and

c. Defendant Park had the authority to control ATR and was likely at least recklessly indifferent to ATR's deceptive practices, if she did not have actual knowledge of the practices.

6. The Commission and Defendants and Relief Defendants stipulate and agree to this Order, without a trial on the remaining issues. By agreeing to the entry of this Order, Defendants and Relief Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants and Relief Defendants admit the facts necessary to establish jurisdiction.

7. Defendants and Relief Defendants waive: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that they may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law. The Commission and Defendants and Relief Defendants shall each bear their own costs and attorneys' fees incurred in this action.

8. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9. Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. **"Assisting Others"** includes, but is not limited to: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (c) providing names of, or assisting in the generation of, potential customers; (d) performing or providing marketing or billing services of any kind; or (e) acting as an officer or director of a business entity.

3. **"Corporate Defendant" or "Receivership Defendant"** means American Tax Relief LLC ("ATR"), and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities.

4. **"Debt Relief Service"** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more creditors or debt collectors, including, but not limited to, a reduction in the balance, penalties, or interest owed by a consumer to the Internal Revenue Service or state taxing authority.

5. **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

6.     **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a separate Document within the meaning of the term.

7.     **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.     **"Individual Defendants"** means Alexander Seung Hahn and Joo Hyun Park, also d/b/a American Tax Relief, and by whatever other names each may be known.

9.     "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

11.     **"Receiver"** means Thomas A. Seaman of Thomas Seaman Company, appointed as Permanent Equity Receiver over American Tax Relief LLC, d/b/a American Tax Relief, pursuant to Section VII of the Preliminary Injunction with Asset Freeze and Other Equitable Relief entered in this case on November 9, 2010.

12.     **"Relief Defendants"** means Young Soon Park and Il Kon Park, and by whatever other names each may be known.

13.     "**Telemarketing**" means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) that is conducted

to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## ORDER

### I.

### PERMANENT BAN ON TELEMARKETING

**IT IS THEREFORE ORDERED** that Defendants ATR and Alexander Seung Hahn, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are hereby permanently restrained and enjoined from Telemarketing, or Assisting Others engaged in Telemarketing.

### II.

### PERMANENT BAN ON MARKETING DEBT RELIEF SERVICES

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are hereby permanently restrained and enjoined from engaging in, participating in, or Assisting Others in the advertising, marketing, promotion, offering for sale, or sale of any Debt Relief Service.

### III.

### PROHIBITED PRACTICES RELATING TO ANY GOOD OR SERVICE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any good or service, are hereby permanently restrained and enjoined from:

A.     Misrepresenting, or Assisting Others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy for the good or service, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

2.     That any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other non-commercial program; or any other program;

3.     The total cost to purchase, receive, or use the good or service;

4.     Any material restriction, limitation, or condition on purchasing, receiving, or using the good or service; and

5.     Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

B.     Charging, causing to be charged, or assisting others in charging any consumer's credit card, or debiting, causing to be debited, or assisting others in debiting any consumer's bank account without the consumer's express informed consent for such charge or debit.

**IV.**

**MONETARY JUDGMENT AGAINST DEFENDANTS**

**IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered in favor of the Commission, and against Defendants, jointly and severally, for equitable monetary relief, including, but not limited to, consumer redress and/or disgorgement, in the amount of $103,387,291.62; *provided, however*, that the judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed on

Defendants by Subsections B through H of this Section and Section V.E, and the obligations imposed on Relief Defendants by Sections V and VI of this Order, and subject to the conditions set forth in Section VII of this Order.

B.     Within seven (7) days of the date of entry of this Order, Defendants shall pay to the Commission all funds held in any bank accounts in any Defendant's name, including, but not limited to, the following accounts, which as of October 11, 2012, had an approximate cumulative balance of at least $2,496,931.72:

    1.     Accounts at Bank of America, including:

        a.     Account No. xxxxx8286, held in the names of Alexander S. Hahn and Tax Group Co.; and

        b.     Account No. xxxxx7238, held in the names of Alexander S. Hahn and Tax Group Co.;

    2.     Accounts at Charles Schwab & Co., Inc., including:

        a.     Account No. xxxx5436, held in the name of Joo Hyun Park for the benefit of a minor child with the initials A.C.;

        b.     Account No. xxxx9436, held in the name of Joo Hyun Park; and

        c.     Account No. xxxx2833, held in the name of Joo Hyun Park;

    3.     Accounts at Citibank, N.A., including;

        a.     Account No. xxxxxxx0834, held in the name of Alexander S. Hahn; and

        b.     Account No. xxxxxxx0826, held in the name of Alexander S. Hahn;

4.      Accounts at JPMorgan Chase Bank N.A., including:

a.      Account No. xxxxxx3318, held in the name of Joo Hyun Park; and

b.      Account No. xxxxxx8765, held in the name of Joo Hyun Park;

5.      Accounts at Saehan Bank, including Account No. xxx7492, held in the names of Young Soon Park and Joo Hyun Park; and

6.      College Sense and Scholar's Edge Account No. xxxxxx7355, held in the name of Joo Hyun Park for the benefit of a minor child with the initials A.C.

C.      All payments under this Section shall be made by wire transfer in accordance with directions provided by the Commission, or as otherwise agreed by the Commission.  Any Financial Institution with control over any account identified in Subsection B, above, is hereby directed to cooperate with the Commission in facilitating the transfer of funds in the accounts to the Commission. This directive modifies any prior directive of this Court regarding any freeze of the accounts.

D.      Within seven (7) days of the date of entry of this Order, the Receiver shall transfer to the Commission $785,000 from the funds belonging to any Defendant that are under his control.  Any remaining funds under the Receiver's control shall be disbursed in accordance with the Receiver's obligations under Section XI of this Order.

E.      Upon the release of any claim or interest that the United States of America may have asserted against or in the $3,107,053.17 of Defendants' funds which were seized pursuant to two seizure warrants brought under 18 U.S.C. §§ 1341 and 1956/1957, with the case numbers SA10-166M (C.D. Cal. April 7, 2010), and SA10-173M (C.D. Cal. April 9, 2010), and which are currently in the custody of the United States Marshals Service, such funds and any accumulated

interest shall be transferred directly from the government agency controlling those funds to the Commission.

F.     Upon the release of any claim or interest that the United States of America may have asserted against or in the 2005 Ferrari automobile with Vehicle Identification Number ZFFEW59AX50144662, which was seized pursuant to a seizure warrant brought under 18 U.S.C. §§ 1341 and 1956/1957, with the case number SA10-165M (C.D. Cal. April 7, 2010), and which is currently in the custody of the United States Marshals Service, the automobile itself, and title to the automobile, in a form satisfactory to the Receiver, shall be transferred directly from the government agency with control of the automobile and/or from Defendant Hahn to the Receiver.  The Receiver shall sell the automobile, use the proceeds of the sale to pay any legitimate liens and necessary expenses relating to the sale, and transfer the resulting proceeds, less any administrative expenses of the Receiver, to the Commission.  Any transfer fees, taxes, or other payments mandated from a transferor by law shall be paid from the proceeds of the sale at the time the vehicle is sold.

G.     Within seven (7) days of the date of entry of this Order, Defendants shall deliver to the Receiver possession of the "other gold items" identified in Paragraph 4 of the sworn Declaration of Young Soon Park, executed on February 1, 2012.  The Receiver shall sell the gold items, use the proceeds of the sales to pay any necessary expenses relating to the sales, and transfer the resulting proceeds, less any administrative expenses of the Receiver, to the Commission.

H.     Within seven (7) days of the date of entry of this Order, Defendants shall deliver to the Receiver possession of the jewelry identified in Item 20 of Defendant Hahn's sworn financial statements dated September 30, 2010 and December 1, 2010; Item 20 of Defendant Park's sworn financial statement dated October 6, 2010; and the sworn Declaration of Young Soon Park, executed on February 1, 2012.  The Receiver shall sell the jewelry, use the proceeds of the sales

to pay any necessary expenses relating to the sales, and transfer the resulting proceeds, less any administrative expenses of the Receiver, to the Commission.

I.      Time is of the essence for the payment and other obligations imposed under this Section.  In the event of any default by any Defendant on any obligation imposed under this Section, including, but not limited to, the failure to timely and completely fulfill their payment obligations:

1.      The Judgment imposed herein will not be suspended as to any Defendant, and the full amount of that Judgment ($103,387,291.62) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid by Defendants or Relief Defendants; and

2.      The Commission shall be entitled to immediately exercise any and all rights and remedies against Defendants and their assets to collect the full amount of the Judgment and interest thereon, less any amounts already paid by Defendants or Relief Defendants.

J.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Section.  Defendants

shall have no right to contest the manner of distribution chosen by the Commission.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment or forfeiture.

K.      In accordance with 31 U.S.C. § 7701, as amended, Defendants are hereby required, unless they already have done so, to furnish to the Commission their respective taxpayer numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

L.      Defendants relinquish all dominion, control, and title to the funds and other assets paid to the fullest extent permitted by law.  Defendants shall make no claim to, or demand for return of, the funds and other assets, directly or indirectly, through counsel or otherwise.

M.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case.  Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

N.      Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

# V.

## JUDGMENT AGAINST RELIEF DEFENDANT YOUNG SOON PARK

**IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered in favor of the Commission, and against Relief Defendant Young Soon Park, for equitable monetary relief in the form of disgorgement, in the amount of $18,068,953; *provided, however*, that the judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsections B through G of this Section and Section VI.D, and subject to the conditions set forth in Section VII of this Order.

B.     Within seven (7) days of the date of entry of this Order, Relief Defendant Young Soon Park shall pay to the Commission all funds held in any bank accounts in Relief Defendant Young Soon Park's name, including, but not limited to, the following accounts, which as of October 11, 2012, had an approximate cumulative balance of at least $107,923.55:

1.     Accounts at Charles Schwab & Co., Inc., including Account No. xxxx2035, held in the name of Young Soon Park;

2.     Accounts at JPMorgan Chase Bank N.A., including Account No. xxxxxx6063, held in the name of Young Soon Park;

3.     Accounts at Saehan Bank, including:

a.     Account No. xxx7492, held in the names of Young Soon Park and Joo Hyun Park;

b.     Account No. xxx7848, held in the name of Young Soon Park; and

c.     Account No. xxx7613, held in the name of Young Soon Park.

C.     All payments under this Section shall be made by wire transfer in accordance with directions provided by the Commission, or as otherwise agreed by the Commission.  Any Financial Institution with control over any account

identified in Subsection B, above, is hereby directed to cooperate with the Commission in facilitating the transfer of funds in the accounts to the Commission. This directive modifies any prior directive of this Court regarding any freeze of the accounts.

D.     Upon the release of any claim or interest that the United States of America may have asserted against or in the $4,990,000 of Relief Defendant Young Soon Park's funds which were seized pursuant to a seizure warrant brought under 18 U.S.C. §§ 1341 and 1956/1957, with the case number SA10-165M (C.D. Cal. April 7, 2010), and which are currently in the custody of the United States Marshals Service, such funds and any accumulated interest shall be transferred directly from the government agency controlling those funds to the Commission.

E.     Within seven (7) days of the date of entry of this Order, Relief Defendant Young Soon Park shall cooperate fully and take such steps as the Receiver may require to transfer to the Receiver a grant deed to the real property located in Beverly Hills, California; Assessor's Parcel Number: 4341-009-016; Lot 17 in Block 106 of Beverly Hills ("Beverly Hills Property"), including, but not limited to, cooperating with the Receiver in the Receiver's preparation of the grant deed.  Upon the release of any claim or interest that the United States of America may have asserted against the Beverly Hills Property, which is currently subject to a civil forfeiture proceeding brought pursuant to 18 U.S.C. § 981(a)(1)(A), captioned *U.S.A. v. Real Property in Beverly Hills, California and Real Property in Los Angeles, California*, SA CV10-00430 CJC (MLGx) (C.D. Cal. April 8, 2010), the Receiver shall sell that property, use the proceeds of the sale to pay any legitimate liens and necessary expenses relating to the sale, and transfer the resulting proceeds, less any administrative expenses of the Receiver, to the Commission.  Any transfer fees, taxes, or other payments mandated from a transferor by law shall be paid from the proceeds of the sale at the time the property is sold.  Provided, however, that Defendants and Relief Defendants shall

have until June 30, 2013 to vacate the Beverly Hills Property.  Until Defendants and Relief Defendants vacate the Beverly Hills Property, Defendants and Relief Defendants shall purchase and maintain insurance on the Beverly Hills Property for at least its replacement value until they vacate the property; shall remain current on all amounts due and payable on the Beverly Hills Property, including, but not limited to, insurance, utilities, reasonable and necessary maintenance, and similar fees; and shall take no action to diminish the value of and shall maintain the Beverly Hills Property, including any structures, fixtures, and appurtenances thereto, in good working order.  The Receiver shall be permitted to list the Beverly Hills Property for sale on or after, May 1, 2013.  Defendants and Relief Defendants shall cooperate fully and not interfere in any way with the Receiver's efforts to market and sell the Beverly Hills Property, including, but not limited to, the Receiver's efforts to show the Beverly Hills Property to prospective purchasers or brokers.

F.      Within seven (7) days of the date of entry of this Order, Relief Defendant Young Soon Park shall deliver to the Receiver possession of the "other gold items" identified in Paragraph 4 of the sworn Declaration of Young Soon Park, executed on February 1, 2012.  The Receiver shall sell the gold items, use the proceeds of the sales to pay any necessary expenses relating to the sales, and transfer the resulting proceeds, less any administrative expenses of the Receiver, to the Commission.

G.      Within seven (7) days of the date of entry of this Order, Relief Defendant Young Soon Park shall deliver to the Receiver possession of the jewelry identified in the sworn Declaration of Young Soon Park, executed on February 1, 2012.  The Receiver shall sell the jewelry, use the proceeds of the sales to pay any necessary expenses relating to the sales, and transfer the resulting proceeds, less any administrative expenses of the Receiver, to the Commission.

H.    Time is of the essence for the payment and other obligations imposed under this Section.  In the event of any default by Relief Defendant Young Soon Park on any obligation imposed under this Section, including, but not limited to, the failure to timely and completely fulfill her payment obligations:

1.    The Judgment imposed herein will not be suspended as to Relief Defendant Young Soon Park, and the full amount of that Judgment ($18,068,953) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid;

2.    The Commission shall be entitled to immediately exercise any and all rights and remedies against Relief Defendant Young Soon Park and her assets to collect the full amount of the Judgment and interest thereon, less any amounts already paid; and

3.    The Judgment imposed in Section IV of this Order against Defendants will not be suspended and the full amount of that Judgment ($103,387,291.62) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid by Defendants or Relief Defendants.

I.    All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief.  If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as

it determines to be reasonably related to Defendants' practices alleged in the

Complaint.  Any funds not used for such equitable relief shall be deposited to the

United States Treasury as disgorgement.  Relief Defendant Young Soon Park shall

have no right to challenge the Commission's choice of remedies under this Section.

Relief Defendant Young Soon Park shall have no right to contest the manner of

distribution chosen by the Commission.  This judgment for equitable monetary

relief is solely remedial in nature and is not a fine, penalty, punitive assessment or

forfeiture.

J.      In accordance with 31 U.S.C. § 7701, as amended, Relief Defendant

Young Soon Park is hereby required, unless she already has done so, to furnish to

the Commission her social security number, which shall be used for purposes of

collecting and reporting on any delinquent amount arising out of Relief Defendant

Young Soon Park's relationship with the government.

K.      Relief Defendant Young Soon Park relinquishes all dominion, control,

and title to the funds and other assets paid to the fullest extent permitted by law.

Relief Defendant Young Soon Park shall make no claim to or demand for return of

the funds and other assets, directly or indirectly, through counsel or otherwise.

L.      Relief Defendant Young Soon Park agrees that the facts as alleged in

the Complaint filed in this action shall be taken as true without further proof in any

bankruptcy case or subsequent civil litigation pursued by the Commission to

enforce its rights to any payment or money judgment pursuant to this Order,

including, but not limited to, a nondischargeability complaint in any bankruptcy

case.  Relief Defendant Young Soon Park further stipulates and agrees that the

facts alleged in the Complaint establish all elements necessary to sustain an action

pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

§ 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such

purposes.

M.     Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## VI.

## JUDGMENT AGAINST RELIEF DEFENDANT IL KON PARK

**IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered in favor of the Commission, and against Relief Defendant Il Kon Park, for equitable monetary relief in the form of disgorgement, in the amount of $595,281; *provided, however*, that the judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsections B through D of this Section and Section V.E, and subject to the conditions set forth in Section VII of this Order.

B.     Within seven (7) days of the date of entry of this Order, Relief Defendant Il Kon Park shall pay to the Commission all funds held in any bank accounts in Relief Defendant Il Kon Park's name, including, but not limited to, the following accounts, which as of October 10, 2012, had an approximate cumulative balance of at least $12,370.17:

      1.     Accounts at Saehan Bank, including:

           a.     Account No. xxx4435, held in the name of Il Kon Park;

           b.     Account No. xxx5067, held in the name of Il Kon Park; and

           c.     Account No. xxx5555, held in the name of Il Kon Park.

C.     All payments under this Section shall be made by wire transfer in accordance with directions provided by the Commission, or as otherwise agreed by the Commission.  Any Financial Institution with control over any account identified in Subsection B, above, is hereby directed to cooperate with the Commission in facilitating the transfer of funds in the accounts to the Commission.

1   This directive modifies any prior directive of this Court regarding any freeze of the

2   accounts.

3       D.      Within seven (7) days of the date of entry of this Order, Relief

4   Defendant Il Kon Park shall cooperate fully and take such steps as the Receiver

5   may require to transfer to the Receiver a grant deed to the real property located in

6   Los Angeles, California; Assessor's Parcel Number: 5504-021-074; a

7   condominium composed of an undivided 1/51st interest in and to Lot 1, Tract

8   number 27829, in the City of Los Angeles ("Los Angeles Property"), including,

9   but not limited to, cooperating with the Receiver in the Receiver's preparation of

10  the grant deed.  Upon the release of any claim or interest that the United States of

11  America may have asserted against or in the Los Angeles Property, which is

12  currently subject to a civil forfeiture proceeding brought pursuant to 18 U.S.C. §

13  981(a)(1)(A), captioned *U.S.A. v. Real Property in Beverly Hills, California and*

14  *Real Property in Los Angeles, California*, SA CV10-00430 CJC (MLGx) (C.D.

15  Cal. April 8, 2010), the Receiver shall sell that property, use the proceeds of the

16  sale to pay any legitimate liens and necessary expenses relating to the sale, and

17  transfer the resulting proceeds, less any administrative expenses of the Receiver, to

18  the Commission.  Any transfer fees, taxes, or other payments mandated from a

19  transferor by law shall be paid from the proceeds of the sale at the time the

20  property is sold.  Provided, however, that Relief Defendants shall have until June

21  30, 2013 to vacate the Los Angeles Property.  Until Relief Defendants vacate the

22  Los Angeles Property, Relief Defendants shall purchase and maintain insurance on

23  the Los Angeles Property for at least its replacement value until they vacate the

24  property; shall remain current on all amounts due and payable on the Los Angeles

25  Property, including, but not limited to, insurance, utilities, reasonable and

26  necessary maintenance, and similar fees; and shall take no action to diminish the

27  value of and shall maintain the Los Angeles Property, including any structures,

28  fixtures, and appurtenances thereto, in good working order.  The Receiver shall be

permitted to list the Los Angeles Property for sale on or after May 1, 2013.  Relief Defendants shall cooperate fully and not interfere in any way with the Receiver's efforts to market and sell the Los Angeles Property, including, but not limited to, the Receiver's efforts to show the Los Angeles Property to prospective purchasers or brokers.

E.    Time is of the essence for the payment and other obligations imposed under this Section.  In the event of any default by Relief Defendant Il Kon Park on any obligation imposed under this Section, including, but not limited to, the failure to timely and completely fulfill his payment obligations:

1.    The Judgment imposed herein will not be suspended as to Relief Defendant Il Kon Park, and the full amount of that Judgment ($595,281) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid;

2.    The Commission shall be entitled to immediately exercise any and all rights and remedies against Relief Defendant Il Kon Park and his assets to collect the full amount of the Judgment and interest thereon, less any amounts already paid; and

3.    The Judgment imposed in Section IV of this Order against Defendants will not be suspended and the full amount of that Judgment ($103,387,291.62) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid by Defendants or Relief Defendants.

F.    All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the

administration of such equitable relief.  If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Relief Defendant Il Kon Park shall have no right to challenge the Commission's choice of remedies under this Section. Relief Defendant Il Kon Park shall have no right to contest the manner of distribution chosen by the Commission.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment or forfeiture.

G.      In accordance with 31 U.S.C. § 7701, as amended, Relief Defendant Il Kon Park is hereby required, unless he already has done so, to furnish to the Commission his social security number, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Relief Defendant Il Kon Park's relationship with the government.

H.      Relief Defendant Il Kon Park relinquishes all dominion, control, and title to the funds and other assets paid to the fullest extent permitted by law.  Relief Defendant Il Kon Park shall make no claim to or demand for return of the funds and other assets, directly or indirectly, through counsel or otherwise.

I.      Relief Defendant Il Kon Park agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case.  Relief Defendant Il Kon Park further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action

21

pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

§ 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such

purposes.

J.      Proceedings instituted under this Section are in addition to, and not in

lieu of, any other civil or criminal remedies that may be provided by law, including

any other proceedings the Commission may initiate to enforce this Order.

## VII.

## <u>RIGHT TO REOPEN</u>

**IT IS FURTHER ORDERED** that:

A.      Plaintiff's agreement to this Order is expressly premised upon the

truthfulness, accuracy, and completeness of Defendants' and Relief Defendants'

financial condition, as represented in Defendant Hahn's sworn financial statements

dated September 30, 2010 and December 1, 2010; Defendant Park's sworn

financial statement dated October 6, 2010; Relief Defendant Young Soon Park's

sworn financial statement dated October 6, 2010; and Relief Defendant Il Kon

Park's sworn financial statement dated October 2, 2010, each of which contain

material information upon which Plaintiff relied in negotiating and agreeing to the

terms of this Order;

B.      If, upon motion of the FTC, the Court finds that any Defendant or

Relief Defendant failed to disclose any material asset, materially misrepresented

the value of any asset, or made any other material misrepresentation in or omission

from his or her financial statement or supporting documents, the Court will lift the

suspension of the judgment against such Defendant or Relief Defendant, in favor

of the Commission, and the entire judgment, less any amount previously paid, shall

become immediately due and payable as to him or her. *Provided*, *however*, that, in

all other respects, this Order shall remain in full force and effect, unless otherwise

ordered by the Court; and

C.     Any proceedings instituted under this Section shall be in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Order.  For purposes of this Section, Defendants and Relief Defendants waive any right to contest any of the allegations in the Commission's Complaint.

## VIII.

## PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly, or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Debt Relief Service from any Defendant.

## IX.

## PROHIBITIONS REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly, or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are hereby permanently restrained and enjoined from:

A.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any Person

which any Defendant obtained prior to entry of this Order in connection with the marketing of any Debt Relief Service; and

B.     Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after the date of entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## X.

## DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the Assets of Individual Defendants and Relief Defendants shall remain in effect until they have complied with all requirements set forth in Sections IV, V, and VI of this Order, *provided, however*, that Individual Defendants and Relief Defendants, with the express written consent of counsel for the Commission, may transfer funds to the extent necessary to make all payments required by Sections IV through VI.  Once Individual Defendants and Relief Defendants have fully complied with the requirements of Sections IV, V, and VI, the freeze against their Assets shall be lifted permanently.  A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on the assets of Individual Defendants and Relief Defendants has been lifted.

The freeze against the assets of the Corporate Defendant shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged by the Court.

# XI.

## COMPLETION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Thomas A. Seaman of Thomas Seaman Company as Receiver pursuant to the Preliminary Injunction entered on November 9, 2010, is hereby continued in full force and effect except as modified by this Section.  The Receiver shall take all steps necessary or advisable to locate and liquidate all Assets of Receivership Defendant.  Once the Receiver has located and liquidated all Assets of Receivership Defendant; satisfied his obligations under Sections IV, V, and VI herein; and satisfied his obligations pursuant to the Preliminary Injunction, the Receiver shall submit his final report and application for fees and expenses, including such administrative fees withheld pursuant to the Receiver's performance of his obligations under Sections IV, V, and VI, and upon approval by the Court of the Receiver's final report and application for fees and expenses, the Receiver shall pay any remaining funds to the FTC.  Upon the Court's approval of the Receiver's final report, and the payment of any remaining funds to the FTC under this Section, the Receivership shall be terminated.

# XII.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant and Relief Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 20 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers,

directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.  In any other business, such as those in which the Individual Defendant is an employee without any ownership or control, such Individual Defendant must deliver a copy of this Order to all principals and managers of the business before participating in conduct related to the subject matter of this Order.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# XIII.

# COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. 180 days after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1. Each Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should

know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.     Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 20 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or

residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. American Tax Relief LLC et al. X100049.

## XIV.

## <u>RECORDKEEPING</u>

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.     Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.     Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.     Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     A copy of each advertisement or other marketing material.

## XV.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' and Relief Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any Assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Defendant and Relief Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant and Relief Defendant.  Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XVI.

## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XVII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED.**

1/29/13

Dated: _____

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**PLAINTIFF FEDERAL TRADE COMMISSION**

_____     Date: _____
KAREN D. DODGE
MARISSA J. REICH
GUY G. WARD
RAYMOND E. McKOWN
Attorneys for Plaintiff
Federal Trade Commission

**DEFENDANTS AND RELIEF DEFENDANTS**

_____     Date: _____
AMERICAN TAX RELIEF LLC
By:   Joo Hyun Park, Owner

_____     Date: _____
ALEXANDER SEUNG HAHN, individually

_____     Date: _____
JOO HYUN PARK, individually

_____     Date: _____
YOUNG SOON PARK, individually

_____     Date: _____
IL KON PARK, individually

Approved as to Form:

_____     Date: _____
CHARLES L. KREINDLER
MELISSA K. EAVES
Sheppard Mullins Richter & Hampton LLP
Attorneys for Defendants and Relief Defendants